UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                :

DANIEL COLLINS,                :

                                :

           Plaintiff,        :          CASE NO. 15-CV-2229

                                :

       vs.                   :

                                :          OPINION & ORDER

UNUM LIFE INSURANCE COMPANY  :          [Resolving Docs. 17, 18, 19]
OF AMERICA,              :

                                :

          Defendant.      :

                                :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

      Plaintiff Daniel Collins brings claims under 29 U.S.C. § 1132(a)(1)(B) against Defendant

Unum Life Insurance Company of America ("Unum") for wrongful denial of ERISA plan

benefits.  Plaintiff says that this Court should apply a de novo standard of review to his claim and

should authorize discovery into Unum's denial process.[1] Defendant Unum responds that this

Court should apply an arbitrary and capricious standard and responds that this Court should limit

its review to the administrative record at the time Unum denied Plaintiff's claim for benefits.[2]

Defendant also moves to strike Plaintiff's jury demand.[3] For the following reasons, this Court

finds that the arbitrary and capricious standard applies to a limited review of the administrative

record in this case, and **GRANTS** Defendant's motion to strike.

### I. Background

      Before January 6, 2012, Plaintiff Collins worked at Affymetrix. Affymetrix had an

employee's insurance plan through Defendant Unum. The plan was governed by ERISA.[4]

---

[1] Doc. 19. Defendant opposes. Doc. 20.
[2] Doc. 17. Plaintiff opposes. Doc. 21.
[3] Doc. 18.
[4] 29 U.S.C. § 1001 et seq.

Case No. 15-cv-2229
Gwin, J.

The policy covered accidental dismemberment. However, the policy had a coverage exception for dismemberment "caused by, contributed to by, or resulting from . . . disease of the body."[5] The policy also delegated discretion and authority to Defendant Unum to process claims under the policy and to interpret the policy.[6]

On January 6, 2012, Plaintiff slipped and fell in the employee parking lot and got his leg caught in a sewer grate.[7] On February 8, 2013, Plaintiff underwent a foot amputation on the same leg that had been caught in the sewer grate.[8]

Plaintiff applied for benefits under the Unum accidental dismemberment policy. On November 21, 2013, Defendant Unum denied Plaintiff's claim for benefits.[9] Unum explained that it denied Plaintiff's claim because Unum believed that Plaintiff's diabetes partly contributed to the need to amputate Plaintiff's foot.  The amputation occurred more than one year from the date of Plaintiff's accident. On February 14, 2014, Plaintiff appealed the denial.[10] Of February 24, 2014, Unum affirmed its benefits denial.[11]

On September 29, 2015, Plaintiff filed the complaint in this case.[12] On October 20, 2015, Defendants removed the case to federal court.[13] On February 6, 2016, this Court held a case management conference at which it instructed the parties to file briefs on the applicable standard of review and scope of discovery in this case.[14]

---

[5] Doc. 1-1 at 43.
[6] *Id.* at 58.
[7] *Id.* at 5.
[8] *Id.*
[9] *Id.* at 6.
[10] *Id.*
[11] *Id.*
[12] Doc. 1-1.
[13] Doc. 1.
[14] Doc. 16.

Case No. 15-cv-2229
Gwin, J.

## II. Legal Standard

Under ERISA, a denial of benefits is to be reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan. If the administrator or fiduciary can show it has such discretionary authority, a benefits denial is reviewed under the arbitrary and capricious standard. Although "magic words" are not required, this Court has consistently required that a plan contain a *clear* grant of discretion to the administrator or fiduciary before applying the deferential arbitrary and capricious standard. A plan is not required to, but may expressly provide for procedures for allocating fiduciary responsibilities.[15]

## III. Discussion

Unum and Affymetrix's accidental dismemberment and death insurance policy contains the following provision:

The Plan, acting through the Plan Administrator, delegates to Unum and its affiliate Unum Group discretionary authority to make benefit determinations under the Plan. Unum and Unum Group may act directly or through their employees and agents or further delegate their authority through contracts, letters or other documentation or procedures to other affiliates, persons or entities. Benefit determinations include determining eligibility for benefits and the amount of any benefits, resolving factual disputes, and interpreting and enforcing the provisions of the Plan.[16]

This Court finds that the provision above is a "clear grant of discretion to" Unum "to determine eligibility for benefits or to construe the terms of the plan."[17]  Therefore, this Court uses the arbitrary and capricious standard to review Unum's decision to deny Plaintiff's claim for benefits under this plan.

Under this standard, this Court is generally limited to reviewing the administrative record at the time Unum denied Plaintiff's claim for benefits.[18] Plaintiff loses the argument that he is

---

[15] *Frazier v. Life Ins. Co. of N. Am.*, 725 F.3d 560, 566 (6th Cir. 2013) (internal citations and quotations omitted).
[16] Doc. 1-1 at 58.
[17] *Frazier*, 725 F.3d at 566 (internal citations and quotations omitted); s*ee Moss v. Unum Life Ins. Co.*, 495 F. App'x 583, 590, n.2 (6th Cir. 2012) (finding that the same contractual provision in another Unum insurance policy "vests the administrator with complete discretion in making eligibility determinations" and applying the arbitrary and capricious standard).
[18] *McCartha v. Nat'l City Corp.*, 419 F.3d 437, 441 (6th Cir. 2005).

Case No. 15-cv-2229
Gwin, J.

nonetheless entitled to discovery on "the plan administrator, the claim, the claim process, appeals

process, intra-company communications, how Unum handles claims in which the 'caused by,

contributed to by, or resulting from disease of the body' exclusion is utilized to deny benefits,

and bonus/reward programs for Unum employees involved in Collins's claim."[19] Plaintiff does

not make enough of a showing to justify this broader discovery.

Plaintiff correctly notes that Unum has a dual capacity as both the plan administrator and

payor. However, this structural conflict is not by itself sufficient evidence of Unum's procedural

bias. Rather, this conflict is one factor for the Court to consider in deciding whether Defendant

Unum acted arbitrarily and capriciously in denying Plaintiff's benefits claim.[20]

Plaintiff's other arguments on this issue—for example, that there are "three inconsistent

physicians' opinions in the administrative record"[21]—go more to the reasonableness of Unum's

denial of benefits than to Unum's procedural bias.  At best, these are "mere allegation[s] of bias

[that are] not sufficient to permit discovery under Wilkins' [150 F.3d 609, 616 (6th Cir. 1998)]

exception" to the general rule that courts are limited to reviewing the administrative record in

ERISA cases.[22] Further discovery is therefore inappropriate.

Moreover, the Federal Rules of Civil Procedure do not support Plaintiff's discovery

request. The scope and volume of the discovery Plaintiff requests are not proportional to the

discovery's importance to Plaintiff's claims.[23] The requested discovery is even less important

because Defendant seems to admit that it is both the administrator and payor for claims under

---

[19] Doc. 19 at 6–7.
[20] *Kalish v. Liberty Mut./Liberty Life Assur. Co. of Boston*, 419 F.3d 501, 506 (6th Cir. 2005) (citing *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115, (1989)).
[21] Doc. 21 at 3.
[22] *Johnson v. Connecticut Gen. Life Ins. Co.*, 324 F. App'x 459, 466 (6th Cir. 2009) (quoting *Putney v. Med. Mut. of Ohio*, 111 F. App'x. 803, 807 (6th Cir. 2004)).
[23] *See* Fed. R. Civ. P. 26(b)(1).

-4-

Case No. 15-cv-2229
Gwin, J.

this plan, including Plaintiff's. Plaintiff does not show how any more discovery on this issue will

significantly aid Plaintiff's claim that the dual capacity impacted Unum's exercise of discretion.

Finally, this Court finds that Plaintiff is not entitled to a jury trial on his ERISA claim,

since it does not seek legal relief.[24] Therefore, this Court **GRANTS** Defendant's motion to strike

Plaintiff's jury demand from the complaint.

### IV. Conclusion

For the reasons above, this Court finds that the arbitrary and capricious standard applies

to Plaintiff's claims and finds that discovery beyond the administrative record is inappropriate.

This Court **GRANTS** Defendant's motion to strike Plaintiff's jury demand. The arbitrary and

capricious briefing schedule set out at the case management conference will apply going

forward.[25]

IT IS SO ORDERED.

Dated:  March 31, 2016                                          *s/        James S. Gwin*
                                                                JAMES S. GWIN
                                                                UNITED STATES DISTRICT JUDGE

---

[24] *Wilkins v. Baptist Healthcare Sys.*, Inc., 150 F.3d 609, 616 (6th Cir. 1998); *Reese v. IBEW Local 82 Pension Plan*, 2012 WL 832349, at *4 (S.D. Ohio Mar. 12, 2012) (citing *Miner v. Comty. Mut. Ins. Co.*, 778 F. Supp. 402 (S.D. Ohio 1991)).
[25] Doc. 16 ("[T]he deadline for filing dispositive motions will be 5/23/16 . . . with responses due 6/23/16.").